Filed 3/14/23  P. v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHNNIE HARRIS,<br><br>    Defendant and Appellant. | C097285<br><br>(Super. Ct. No. 93F08601) |

Defendant Johnnie Harris appeals from an order denying his second petition to vacate his murder conviction under former Penal Code section 1170.95 (now section 1172.6).[1]  Appointed counsel for defendant has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on

---

[1] Undesignated statutory references are to the Penal Code.  Defendant filed his second petition in January 2022.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  For purposes of clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95.

appeal and defendant has filed a supplemental brief raising various arguments. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) We have considered defendant's arguments and will affirm the trial court's order.

## I. BACKGROUND

In our previous decision considering defendant's first petition for resentencing, we summarized the history of the case, saying, "In 1994, defendant pleaded guilty to second degree murder after he beat and killed the victim, the daughter of his girlfriend, while he was babysitting. The parties stipulated defendant 'murdered [the victim], age two, by causing 16 of her ribs to be fractured and caused her liver to be severed,' and defense counsel clarified defendant 'had no intent to kill. This was a matter of extreme frustration, and we're entering this plea upon an implied malice theory.' " (*People v. Harris* (Oct. 29, 2021, C093446) [nonpub. opn.].)

In 2019, defendant filed his first petition for resentencing under former section 1170.95. The trial court denied the petition, noting, "defendant had pleaded guilty to second degree murder 'on an implied malice theory.' " (*People v. Harris, supra*, C093446.) The trial court explained, "there was no evidence 'anyone except [defendant] had personally inflicted the fatal injuries on the child victim . . . ; as such, no instruction would have been given at trial on the natural and probable consequences doctrine of accomplice liability. Nor would any felony-murder instruction [have] been given, as the only possible underlying felonies would have been assaultive crimes that would have impermissibly merged with the murder [citation]; further . . . felony child abuse additionally would not have qualified for the second-degree felony-murder rule, as the courts of appeal have held in cases also decided before the instant murder that felony child abuse is not an inherently dangerous felony [citations].' " (*Ibid.*) On appeal, we exercised our discretion to conduct an independent review of the entire record, found no arguable error in defendant's favor, and affirmed the trial court's order denying relief. (*Ibid.*)

In January 2022, defendant filed another petition for resentencing under former section 1170.95, alleging he had been prosecuted under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory under which malice was imputed to him based on his participation in a crime; he had accepted a plea offer in lieu of going to trial at which he could have been convicted of murder; and, he could not currently be convicted of murder because of changes made to sections 188 and 189 effective January 1, 2019.

The court appointed counsel and received briefing from the parties. The court held a hearing and entertained argument from the parties, then announced its intention to issue a written order denying the petition. The court explained the petition was successive in that it did not allege any new or different facts from the original petition and there was no new case law that would undermine the basis of the decision denying the first petition. Moreover, the record of conviction established defendant was not entitled to relief because he admitted committing the murder under an implied malice theory, which precluded the possibility he was convicted under a now invalid theory.

Defendant filed a notice of appeal.

## II. DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief raising various issues.

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is

3

required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

Defendant's arguments rest primarily on the passage of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, §§ 1-2), which took effect on January 1, 2022, and made several amendments to former section 1170.95.  Defendant argues Senate Bill No. 775 invalidated implied malice murder as a theory, and that he lacked the intent to kill at the time of the murder for a variety of reasons, including mental illness and provocation on the part of the two-year-old victim.  He also argues he never stipulated to the factual basis in his plea agreement, citing Assembly Bill No. 1618 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 586, § 1).

Senate Bill No. 775, which took effect after the denial of defendant's first petition, did not invalidate implied malice murder as a viable murder theory.  (*People v. Vizcarra* (2022) 84 Cal.App.5th 377, 391.)  Rather, the legislation was intended to:  (1) "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"; (2) "[c]odif[y] the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case"; (3) "[r]eaffirm[] that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt"; and (4) "[a]ddress[] what evidence a court may consider at a resentencing hearing (clarifying the discussion in *People v. Lewis, supra*, at pp. 970-972)." (Stats. 2021, ch. 551, § 1.)

We similarly see no reason why these changes would affect the application of defendant's mental illness or provocation defenses under these circumstances, or permit him to assert them anew.  (See *People v. Strong* (2022) 13 Cal.5th 698, 710 [section 1172.6 relief unavailable if the defendant was the actual killer].)

Likewise, Assembly Bill No. 1618, which voided plea agreement provisions that "generally waive future benefits of legislative enactments," does not mean that defendant can now withdraw from the factual basis to which he agreed simply because he could now receive more favorable treatment under a different set of facts. (§ 1016.8.)

We thus reject defendant's arguments that any changes in law, including those introduced by Senate Bill No. 775, would result in a more favorable disposition for defendant's petition.

### III.  DISPOSITION

The trial court's order denying the petition is affirmed.


/S/

_____

RENNER, J.


We concur:


/S/

_____

HULL, Acting P. J.


/S/

_____

KRAUSE, J.